(July 9, 1993)

■ In the Matter of EDWARD M. BARTHOLOMEW, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [600 NYS2d 336] —Per Curiam. Respondent was admitted to practice by this Court in February 1975. He maintains an office for the practice of law in Glens Falls.

By petition dated November 13, 1992, the Committee on Professional Standards lodged five charges of professional misconduct against respondent, including conversion of client funds, various escrow account improprieties, and improperly advancing financial assistance to a client.

After a hearing, the Referee issued a report dated May 17, 1993, sustaining the charges. Petitioner moves to confirm the report while respondent seeks to disaffirm portions thereof. A stipulation of facts by petitioner and respondent which essentially tracks the petition's specifications was entered into evidence at the hearing.

Charge I accuses respondent of conversion of client funds in violation of the Code of Professional Responsibility DR 1-102 (A) (4), (5), and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]) and DR 9-102 (22 NYCRR 1200.46). According to specification 1, respondent received a $23,000 settlement check on or about September 25, 1991, on behalf of his client, E. Galusha & Sons. Respondent deposited these funds in his general business account, a non-escrow account, on or about October 8, 1991. Prior to disbursing any funds on behalf of his client or releasing the funds to his client, the balance in the account

fell below $23,000, and, on or about May 27, 1992, the balance was a negative $1,466.89. Specification 2 states that after respondent received the settlement check, he tendered a $2,328.05 check to attorney E. Tatum Turner for services rendered in achieving the settlement. This check was returned twice for insufficient funds. Specification 3 states that in September 1991, respondent received $2,000 from his client, Daniel L. Johnson, as an installment payment on a $7,500 personal injury settlement which Johnson was obligated to pay. Respondent was to transfer these funds to the plaintiff's attorney. Respondent deposited the funds to his general business account and issued a check therefrom, dated September 23, 1991, in the amount of $2,000 to the plaintiff's counsel. The check, however, was returned for insufficient funds.

Respondent argues that the specifications of charge I do not sustain a violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]) which prohibits conduct involving dishonesty, fraud, deceit, or misrepresentation. Because there is no clear evidence in the record to suggest intentional conversions for respondent's personal gain and he vigorously contends, without effective contradiction by petitioner, that the conversions and bad checks were attributable to inadvertence and shoddy bookkeeping, we dismiss charge I insofar as it alleges a violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]; *see, e.g., Matter of Klugerman,* 189 AD2d 284). We otherwise confirm the charge. Respondent does not argue that he has not violated DR 1-102 (A) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and DR 9-102 (22 NYCRR 1200.46). Also, the charge of conversion is sustained by respondent's failure to maintain the $23,000 in settlement moneys in his general business account *(see, e.g., Matter of Abbott,* 191 AD2d 899) and drawing checks on the account when respondent knew or should have known there were insufficient funds to cover same constitutes professional misconduct *(see, e.g., Matter of Rothenberg,* 143 AD2d 479; *Matter of Gallow,* 110 AD2d 920).

Respondent admits charges II, III and IV, which essentially allege that after respondent opened his own practice in the summer of 1991, he failed to establish an escrow account to manage client funds and failed to keep proper records of his general business account which he also improperly used for the deposit of client funds, all in violation of various provisions of DR 1-102 (A) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and DR 9-102 (A), (B) and (D) (22 NYCRR 1200.46 [a], [b], [d]).

The single specification of charge V alleges that respondent in violation of DR 5-103 (B) (22 NYCRR 1200.22 [b]), improp-

erly advanced financial assistance to his client, Daniel L. Johnson, by forwarding a total of $8,000 to opposing counsel to pay the $7,500 settlement (plus penalties on account of the bounced check) prior to the receipt of additional funds beyond the $2,000 received from Mr. Johnson in September 1991. Insofar as the lawsuit against Mr. Johnson was still pending and not discontinued (see, CPLR 3217) respondent's advance of funds technically violated DR 5-103 (B) (22 NYCRR 1200.22 [b]).

Respondent's professional misconduct is mitigated by the apparent lack of venal intent underlying it and steps he has taken to prevent its recurrence, such as retaining an accountant to oversee client accounts. It does not appear that respondent's misconduct has resulted in actual harm to his clients, monetarily or otherwise. Indeed, the stipulation asserts full payment to E. Galusha & Sons, attorney Turner, and in satisfaction of the settlement agreed to by client Johnson. On the other hand, the technical conversion involved a large sum of money and was of fairly long duration. Respondent boasts a prior unblemished disciplinary record and a good reputation in his community as well as a commendable record of public and pro bono service, including two elected terms as Mayor of Glens Falls.

In view of the above circumstances and in order to deter similar misconduct and preserve the reputation of the Bar, we find that respondent should be suspended from the practice of law for a period of six months (see, e.g., Matter of Swyer, 143 AD2d 462).

Mikoll, J. P., Yesawich Jr., Crew III, Mahoney and Casey, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted except with respect to that portion of charge I alleging violation of the Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), which portion is hereby dismissed; and it is further ordered that pursuant to Judiciary Law § 90 (2), respondent is hereby suspended from the practice of law for a period of six months, effective August 9, 1993, and until further order of this Court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor at law, that he has complied fully with the provisions of section 806.12 (b) of this Court's rules governing the conduct of attorneys (22 NYCRR 806.12 [b]), and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered

that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys (22 NYCRR 806.9).