[641 NYS2d 6]

In the Matter of RICHARD M. GLAZER (Admitted as RICHARD GLAZER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 19, 1996

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Robert B. Shaw* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Richard M. Glazer, admitted as Richard Glazer, was admitted to the practice of law in the State of New York by the Second Judicial Department on March 29, 1961. At all

times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

By motion dated October 24, 1995, the Departmental Disciplinary Committee is seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (iii), immediately suspending respondent from the practice of law until further order of the Court based upon uncontested evidence of respondent's professional misconduct which threatens the public interest.

The Committee opened an investigation into respondent's professional misconduct after receiving a June 15, 1995 complaint from Richard M. Abrahams, Esq., counsel to the beneficiaries of the estate, Earle Glazer, Craig Glazer and Marjorie Glazer. The complaint alleged, *inter alia*, that respondent had misappropriated $80,000 of the estate funds. In support of the complaint, Abrahams submitted to the Committee bank records showing that, on or about March 17, 1994, respondent drew an $81,000 check from the estate account at the Bank of New York to his own account. The complaint also alleges that on or about October 24, 1994, respondent issued a personal check to beneficiary Craig Glazer for $6,093, which represented funds owed to Glazer. This check was returned for insufficient funds.

To date respondent has not answered or contested the allegations in the Abrahams complaint. The Committee has been informed by respondent and his attorneys that respondent made full restitution to the beneficiaries of the estate on September 15, 1995.

22 NYCRR 603.4 (e) (1) (iii) provides as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon * * *

"(iii) other uncontested evidence of professional misconduct".

Respondent has submitted an affidavit in opposition dated November 30, 1995. Respondent admits that he "used the sum of $86,093.00 from a trust in connection with estate." He states

that his intention was not to keep the money, but to use it and replace it. He points out that he has made full restitution of all sums wrongfully used by him. Respondent admits that even though he returned the funds, such conduct was still unethical and improper.

Respondent asserts that because of the existence of mitigating circumstances, he should not be suspended pending the Committee's investigation. Respondent claims that he took the money from the trust fund thinking that if he gained some financial soundness, he could save his marriage and his practice.

In *Matter of Marks* (72 AD2d 399, 401), this Court stated: "Presumptively, an attorney who misappropriates a client's funds cannot be permitted to remain a member of the Bar. This result is called for by the obvious reflection on the attorney's integrity, and more importantly, by the duty to protect the public and to vindicate the public's trust in lawyers as custodians of clients' funds." Since *Matter of Marks*, this Court has consistently held that absent extremely unusual mitigating circumstance, the intentional conversion of funds belonging to a client or a third party is grave misconduct warranting the sanction of disbarment (*see, e.g., Matter of Ampel*, 208 AD2d 57).

In cases where it has been found that the mishandling of client funds arose primarily out of an attorney's carelessness or the attorney was mistaken as to his entitlement to his client's funds and there was not motive to convert, this Court has imposed the penalty of suspension rather than disbarment (*see, e.g., Matter of Klugerman*, 189 AD2d 284). Respondent admits that he intentionally disbursed funds from the trust account for his personal purposes and hence, these cases are inapplicable. Furthermore, in *Matter of Ampel (supra,* at 61), where the attorney, like respondent herein, claimed that he intended to repay the money and did in fact repay his clients, this Court noted the "ultimate repayment of the misappropriated funds does not excuse the wrongful conduct."

Finally, even where the respondent's misconduct involved the intentional conversion of client funds, in a few instances involving substantial mitigating factors, this Court has imposed the penalty of suspension, rather than disbarment (*see, e.g., Matter of Altschuler*, 139 AD2d 311; *Matter of Einhorn*, 88 AD2d 95). Contrary to respondent's argument, however, this Court would not consider censure an appropriate sanction even where mitigating circumstances had been presented.

Here, there is uncontested evidence of respondent's serious misconduct because of respondent's own admissions as well as bank records establishing that he deliberately misappropriated over $86,000 belonging to the beneficiaries of his client's estate. At the very least, the sanction of suspension will ultimately be imposed. Accordingly, it is recommended that the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (iii) should be granted and respondent should be suspended from the practice of law effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

MURPHY, P. J., SULLIVAN, WALLACH, KUPFERMAN and ROSS, JJ., concur.

Motion granted, and respondent suspended from the practice of law, effective immediately, pending the conclusion of all disciplinary proceedings, and until the further order of the Court.