[661 NYS2d 607]

In the Matter of DAVE R. BRITTON (Admitted as DAVE RICHARD BRITTON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 24, 1997

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*G. Wesley Simpson* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Dave R. Britton was admitted to the practice of law in the State of New York by the Second Judicial Department on March 1, 1989, as Dave Richard Britton. At all times

relevant herein, respondent maintained an office for the practice of law in the First Judicial Department.

The notice and statement of charges against respondent alleged that he had violated Code of Professional Responsibility DR 1-102 (A) (4) and (7) (now [8]) (22 NYCRR 1200.3) and DR 9-102 (A) and (B) (22 NYCRR 1200.46) by misappropriating funds he held in a fiduciary capacity; by failing to preserve the identity of a client's funds and commingling his own funds in his escrow account with those of clients and third parties; and engaging in conduct that adversely reflected upon his fitness to practice law.

By a prehearing stipulation, respondent admitted that he had failed to maintain certain escrow funds intact, violating DR 9-102 (A) and (B). After a hearing, the Panel sustained counts two and four based upon respondent's stipulation. It also granted the Committee's motion to dismiss count three, based on respondent's showing that only personal funds were involved when the escrow account was overdrawn. Thereafter, by report and recommendation, the Panel sustained counts two and four and dismissed count one, recommending that respondent be suspended from the practice of law for two years.

The Hearing Panel's report is confirmed insofar as it sustained counts two and four. For the reasons stated below, it is disaffirmed insofar as it dismissed count one, and count one should be sustained. Accordingly, the recommended sanction is also disaffirmed, and we find that the sanction of disbarment is warranted.

The relevant facts are as follows. Respondent maintained an escrow account at Marine Midland Bank that he used for both client and personal funds. In September 1993, he deposited into that account a check for $10,000, which he had received from a third party's attorney in connection with a real estate transaction. Respondent agreed to release the money to the attorney upon verified demand. By his own admission, he freely used the funds from that account for his own business expenses. Within several months after depositing the $10,000 check, the balance in the account had fallen from a little over $50,000 to less than $1,000. It is undisputed that respondent never had permission to use the $10,000 at issue. Upon a demand for the funds in June 1994, respondent wrote a check on the account that was subsequently dishonored, and he replaced the bad check with a certified check several days later.

Respondent admitted that he used the escrow account to cover his "cash flow problem," but stated that he had always

intended to replace the funds when certain expected payments were received. He also explained that, until he spoke with the Disciplinary Committee staff in connection with the investigation into this matter, he did not understand the proper use of an escrow account.

We confirm the report with respect to counts two and four, which were properly sustained by the Panel, and as to which defendant had entered into a prehearing stipulation. Count two alleged that respondent had violated DR 9-102 (A) and (B) in that he failed to preserve the identity of trust funds by failing to maintain the funds at issue intact and by allowing the account balance to fall below a certain amount. Count four alleged that this conduct adversely reflected upon his fitness to practice law, in violation of DR 1-102 (A) (7) (now [8]).

In dismissing count one, which alleged that, by deliberately converting the funds to his own use, respondent had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, thereby violating DR 1-102 (A) (4), the Panel found that respondent had not acted with "venal intent." This finding seems to be based on the Panel's consideration of respondent's otherwise unblemished record; his cooperation with the Committee; the closing of his IOLA account; the repayment of the stolen funds; and the absence of any actual injury to any client. Because the evidence clearly establishes that respondent acted with venal intent, and because the considerations above are not relevant to respondent's intent at the time of the misconduct, this count, too, should have been sustained.

Where conversion of funds belonging to a client or third party occurs through mistake, carelessness, or failure to keep proper records, "venal intent," or a "motive to convert," may indeed be absent, and we have held that suspension in such circumstances is an appropriate sanction (*see, e.g., Matter of Weingrad*, 196 AD2d 300, *lv denied* 83 NY2d 756, *cert denied* 513 US 877; *Matter of Bartholomew*, 195 AD2d 753). Respondent's conduct, however, does not fall into any of these categories: by his own admission, he knowingly took funds belonging to a third party that had been entrusted to him and converted them to his own personal use. Respondent was aware at the time he misappropriated the funds that they were not his and that he had no permission or authority to use them. Such factors as respondent's cooperation with the Committee or repayment of the converted funds do not, individually or collectively, negate the venal intent present at the time of the conversion. Nor does the intent to replace the funds or the absence of

intent to permanently deprive the client or third party of them serve to negate such intent or otherwise excuse the wrongful conduct (*see, e.g., Matter of Glazer,* 218 AD2d 411, 413; *Matter of Ampel,* 208 AD2d 57, 61; *Matter of Landau,* 180 AD2d 257, 258). Thus, we find that count one should have been sustained.

Having determined that respondent has violated DR 1-102 (A) (4), we reach the question of the sanction to be imposed. In this respect, too, we disaffirm the petitioner's recommendation and find that disbarment is warranted.

We have consistently held that the "intentional conversion of funds * * * is grave misconduct warranting the sanction of disbarment" (*Matter of Ampel, supra,* at 60). Reflecting on the seriousness of the offense, we have observed that "[p]resumptively, an attorney who misappropriates a client's funds cannot be permitted to remain a member of the Bar. This result is called for by the obvious reflection on the attorney's integrity, and more importantly, by the duty to protect the public and to vindicate the public's trust in lawyers as custodians of clients' funds." (*Matter of Marks,* 72 AD2d 399, 401.) Indeed, we recently noted that, "[v]irtually without exception," attorneys who intentionally convert funds belonging to a client or a third party "must be disbarred" (*Matter of Rapoport,* 229 AD2d 1, 7; *see also, Matter of Rivera,* 230 AD2d 74; *Matter of Glazer, supra*). We find no extremely unusual mitigating circumstances in the present matter that would warrant deviation from this policy.

Accordingly, the petition to confirm the Hearing Panel's report and recommendation is granted only to the extent that counts two and four are sustained. We disaffirm the report to the extent that count one was dismissed, and we sustain that count. Because we find that respondent has violated DR 1-102 (A) (4), we further disaffirm the recommended sanction, and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law.

MILONAS, J. P., ROSENBERGER, WALLACH, NARDELLI and RUBIN, JJ., concur.

Petition to confirm the Hearing Panel's report and recommendation granted only to the extent that counts two and four are sustained, and disaffirmed to the extent that count one was dismissed, and the Court sustains that count. The recommended sanction is disaffirmed and respondent is disbarred from practice as an attorney and counselor-at-law in the State

of New York, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, all effective August 25, 1997.