[675 NYS2d 26]

In the Matter of LEWIS B. FREIMARK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 16, 1998

### APPEARANCES OF COUNSEL

*Andral M. Bratton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Lewis B. Freimark was admitted to the practice of law in the State of New York by the First Judicial Depart-

ment on June 19, 1978. He was also admitted to practice as an attorney and counselor-at-law in New Jersey and practiced there until his disbarment on December 5, 1997.

Petitioner Departmental Disciplinary Committee is seeking an order pursuant to 22 NYCRR 603.3 disbarring respondent based on the fact that he was similarly disciplined by the Supreme Court of New Jersey, or, in the alternative, sanctioning respondent as this Court deems appropriate.

In support, petitioner has shown that by decision and order dated December 5, 1997, the Supreme Court of New Jersey disbarred respondent from the practice of law for, *inter alia*, intentionally converting the funds of four different clients.

22 NYCRR 603.3 (c) provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

The record before us supports the Committee's assertion that respondent has no defense under 22 NYCRR 603.3 (c). First, the record shows that respondent was provided with sufficient notice and an opportunity to be heard and that he fully participated in the evidentiary hearing conducted as part of the disciplinary proceeding.

Second, the findings of the Supreme Court of New Jersey are supported by the record, which demonstrates that the only disputed factual allegation was whether respondent's misappropriation of client funds was knowing and that respondent's innocent explanations were fully refuted by the evidence, which showed that he repeatedly borrowed from a client's trust fund, used the funds in his own behalf, and replenished the missing funds by borrowing from another client's trust fund.

Finally, the misconduct for which respondent was disciplined by the New Jersey Supreme Court clearly constitutes misconduct in New York. The New Jersey Supreme Court found that respondent violated New Jersey Rules of Professional Conduct

(RPC), rule 1.15 (a) by failing to adequately safeguard client escrow funds. Rule 1.15 (a) is analogous to Code of Professional Responsibility DR 9-102 (A) and (B) (1) (22 NYCRR 1200.46). Moreover, respondent was found guilty of knowingly misappropriating client money, in violation of RPC rule 8.4 (c), which is analogous to Code of Professional Responsibility DR 9-102 and DR 1-102 (A) (4) (22 NYCRR 1200.3).

Since no defense has been presented or exists, the Committee's petition for an order pursuant to the doctrine of reciprocal discipline should be granted.

It is generally accepted that the State where the respondent lived and practiced law at the time of the offense has the greatest interest in the issue and public policy considerations relevant to such disciplinary actions (see, Matter of Reiss, 119 AD2d 1, 6). In any case, respondent's intentional misappropriation of client funds would certainly warrant his disbarment under New York law, regardless of his purported defense that he never intended to permanently deprive his clients of their funds (see, Matter of Britton, 232 AD2d 17, 19-20).

Accordingly, the petition should be granted, and respondent should be disbarred in accordance with the discipline imposed by the New Jersey Supreme Court.

SULLIVAN, J. P., ROSENBERGER, ELLERIN, NARDELLI and WILLIAMS, JJ., concur.

Application granted, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective July 16, 1998.