[676 NYS2d 98]

In the Matter of JEFFREY V. BOXER (Admitted as JEFFREY VICTOR BOXER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 16, 1998

## APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Jeffrey V. Boxer was admitted to the practice of law in the State of New York by the First Judicial Department

on December 23, 1968. He was also admitted to practice as an attorney and counselor-at-law in Massachusetts. Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 disbarring respondent predicated on the fact of his disbarment by the Supreme Judicial Court of the Commonwealth of Massachusetts for Suffolk County. In the alternative, petitioner seeks to have this Court impose whatever sanction it deems appropriate.

By decision and order of April 14, 1998, the Massachusetts court disbarred respondent from the practice of law in that State for intentionally converting the funds of seven clients. Among the many acts found to constitute professional misconduct, respondent failed to notify clients of the receipt of settlement funds; commingled the funds with other accounts; converted the funds for his personal use; and failed to provide an accounting or place disputed funds in escrow.

In seeking disbarment in this State as reciprocal discipline, the Committee correctly asserts that respondent is precluded from raising any defense under 22 NYCRR 603.3 in light of the fact that he had sufficient notice and opportunity to be heard in the Massachusetts proceeding (22 NYCRR 603.3 [c] [1]); that the findings of the Massachusetts court are supported by the record (22 NYCRR 603.3 [c] [2]); and that the misconduct for which he was disciplined in Massachusetts constitutes misconduct in New York (22 NYCRR 603.3 [c] [3]). Most notably, with respect to all seven client matters, respondent was found to have intentionally converted client funds in violation of Massachusetts Code of Professional Responsibility DR 1-102 (A) (4) and DR 9-102, which contain language identical to the New York Code of Professional Responsibility. Such misappropriation of client funds has long been held to warrant disbarment in this State (*see, e.g., Matter of Britton*, 232 AD2d 17), and, given the nature and extent of respondent's misconduct, disbarment is the appropriate sanction in the instant matter.

Accordingly, the petition for an order disbarring respondent under the doctrine of reciprocal discipline pursuant to 22 NYCRR 603.3 is granted, and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law.

MILONAS, J. P., ROSENBERGER, NARDELLI, WALLACH and RUBIN, JJ., concur.

Petition granted, and respondent is disbarred from the practice of law in the State of New York, effective immediately.