[693 NYS2d 38]

In the Matter of STEVEN H. GIFIS, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, Petitioner.

First Department, July 15, 1999

## APPEARANCES OF COUNSEL

*Eileen J. Shields* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Louis Sheppard Raveson* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Steven H. Gifis was admitted to the practice of law in the State of New York by the First Judicial Department

on March 5, 1973. He was also admitted to practice as an attorney and counselor-at-law in New Jersey.

On September 23, 1998, the Supreme Court of New Jersey disbarred respondent for, *inter alia*, the knowing misappropriation of escrow funds belonging to three different clients.

The Departmental Disciplinary Committee for the First Judicial Department now moves pursuant to 22 NYCRR 603.3 to disbar respondent, predicated upon the discipline imposed by the State of New Jersey, or, in the alternative, for such other sanction as this Court deems appropriate.

Respondent does not dispute that he has no viable defense under 22 NYCRR 603.3 (c) (1), inasmuch as he was provided with sufficient notice and opportunity to be heard in the New Jersey matter. Furthermore, review of the evidence presented to the special ethics master in that proceeding establishes that there was no infirmity of proof such as would provide respondent with a successful defense under 22 NYCRR 603.3 (c) (2).

Finally, respondent lacks a viable defense under 22 NYCRR 603.3 (c) (3), inasmuch as the misconduct for which respondent was disciplined by the Supreme Court of New Jersey similarly constitutes misconduct in this State. The misconduct as charged and proved in the New Jersey proceeding was the knowing misappropriation of clients' funds. Under New Jersey law, knowing misappropriation is the act of taking a client's money, knowing that the taking is unauthorized (*see, Matter of Greenberg*, 155 NJ 138, 156, 714 A2d 243, 252). The absence of an intent to steal the money, or the existence of an intent to ultimately return the money, is irrelevant to the determination of whether the misappropriation was knowing. Similarly, in this State the absence of an intent to permanently deprive the client of funds in an escrow account does not negate the requisite intent (*see, Matter of Glazer*, 218 AD2d 411). The evidence supporting the finding that respondent knowingly misappropriated escrow funds on three separate occasions clearly demonstrates a violation of the Code of Professional Responsibility DR 1-102 (A) (4) and DR 9-102 (B) (22 NYCRR 1200.3, 1200.46).

Similarly, the evidence supporting the finding by the New Jersey court that respondent had failed to disclose material facts to the Bankruptcy Court, thereby supports the equivalent finding here that in that respect as well, respondent violated DR 1-102 (A) (4).

However, we reject the contention of the Departmental Disciplinary Committee with regard to respondent's record-

keeping, inasmuch as we conclude that this State's rules in this respect are substantially different from those of New Jersey.

Respondent's contention that mitigating circumstances require a lesser sanction in this State is rejected. No hearing is necessary on this point, since respondent was permitted to—and did—introduce evidence in mitigation at the New Jersey proceedings.

It is generally accepted that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the sanction imposed (*see, Matter of Reiss*, 119 AD2d 1, 6). Moreover, this Court has consistently held that the intentional misappropriation of client funds warrants disbarment (*see, e.g., Matter of Britton*, 232 AD2d 17, 19). We perceive no basis to deviate from the sanction imposed by the Supreme Court of New Jersey.

Accordingly, the petition should be granted and respondent disbarred in accordance with the discipline ordered by the Supreme Court of New Jersey.

ELLERIN, P. J., NARDELLI, WILLIAMS, SAXE and FRIEDMAN, JJ., concur.

Petition granted, and respondent disbarred from the practice of law in the State of New York, and the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York, all effective immediately.