[705 NYS2d 47]

In the Matter of WILLIAM J. NITTI (Admitted as WILLIAM JOSEPH NITTI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 23, 2000

**APPEARANCES OF COUNSEL**

*Mady J. Edelstein* of counsel (*Thomas J Cahill,* attorney), for petitioner.

*Lawrence S. Feld* of counsel (*Tenzer Greenblatt, L. L. P.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, William J. Nitti, was admitted to the practice of law in the State of New York by the First Judicial Department on October 15, 1973, as William Joseph Nitti. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

On January 13, 1999, the Departmental Disciplinary Committee for the First Judicial Department served respondent with a notice and statement of charges containing 11 disciplinary charges stemming from the alleged mishandling of down payment funds entrusted to respondent by five clients he represented in the sale of their property. Respondent admitted the factual allegations, but requested a mitigation hearing.

A hearing was conducted before a Referee, who issued a report and recommendation sustaining all the charges and recommending that respondent be disbarred. A Hearing Panel, after hearing oral argument and receiving further written submissions, affirmed the Referee's report and recommendation.

The Departmental Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.4 (d), confirming the findings of fact and conclusions of law set forth in the determination of the Hearing Panel, and imposing the sanction of disbarment. Respondent contends that disbarment is an excessive sanction, and suggests that the appropriate sanction is a two-year suspension.

It is undisputed that, without notice or his clients' consent, respondent deposited five separate down payments, paid to his clients, into his IOLA account, as escrow agent, and then repeatedly withdrew funds from the account for his own personal and business expenses. He ultimately replenished the account with personal funds he obtained by remortgaging his own home.

This Court has clearly established that, as a rule, disbarment is called for when an attorney repeatedly and intentionally uses clients' escrowed funds for his own purposes without permission (*see, Matter of Britton,* 232 AD2d 17; *Matter of Mulrow,* 241 AD2d 7). The attorney need not have harbored the intent to deprive the client of the funds permanently; his intent

to restore, or actual restoration of the funds prior to discovery of the withdrawal, is irrelevant (*see, Matter of Munzer*, 261 AD2d 87, 89; *Matter of Baumgarten*, 236 AD2d 30, 34). The misconduct, which was completed on each occasion when respondent purposefully converted client funds to his personal use, is neither excused nor mitigated by his success in obtaining funds with which to restore the converted funds prior to discovery of their conversion (*see, Matter of Britton, supra,* at 19-20; *Matter of Mulrow, supra,* at 9).

While there are exceptional cases in which extraordinary extenuating circumstances militate against disbarment, even where an attorney has intentionally converted client funds (*see, e.g., Matter of Ponzini*, 268 AD2d 478), this is not such a case. Further, respondent cites to this Court's prior holdings that an absence of venal intent in the commingling of escrow funds constitutes a factor in mitigation, which warrants a lesser sanction when combined with a lack of injury to the clients, full cooperation with the investigation, and a previously unblemished record which includes the rendering of *pro bono* services (*see, e.g., Matter of Pelsinger*, 190 AD2d 158). However, that holding is generally applied only where there is no finding of a violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4] ["conduct involving dishonesty, fraud, deceit, or misrepresentation"] [*ibid*].). Moreover, subsequent cases have clarified that venal intent is established, as it is here, "by his admissions that he knowingly withdrew funds from his clients' accounts without their permission or authority, and that he used those funds for his own purposes" (*see, Matter of Mulrow, supra,* at 11; *Matter of Baumgarten, supra,* at 33). Nor was the misconduct limited to one aberrational occasion.

Therefore, the factors cited by respondent in mitigation, namely, his previously unblemished record, his full cooperation with the investigation and candid acknowledgment of his misconduct, and ample evidence of good character, do not suffice under current controlling law to save respondent from disbarment.

Accordingly, the petition to confirm the Hearing Panel's report and recommendation should be granted, respondent should be disbarred, and his name stricken from the roll of attorneys and counselors-at-law.

Tom, J. P., Andrias, Saxe, Buckley and Friedman, JJ., concur.

Petition granted and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York,

and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective April 24, 2000.