[761 NYS2d 173]

In the Matter of GERALDINE D. GREEN (Admitted as GERALDINE D. CHISHOLM), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 10, 2003

**APPEARANCES OF COUNSEL**

*Roberta Nan Berkwits* of counsel. (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Geraldine D. Green was admitted to the practice of law in the State of New York by the First Judicial Department on December 10, 1968, as Geraldine D. Chisholm, and was admitted to the practice of law in the State of California on or about January 5, 1972, in which state she has resided and maintained a law office since that time.

The Departmental Disciplinary Committee (DDC) now seeks an order pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law, predicated upon similar discipline issued by the United States Court of Appeals for the Ninth Circuit, which discipline is partially reciprocal to discipline ordered by the Supreme Court of California, and in part based upon respondent's misconduct directly before the Ninth Circuit.

The order of the Ninth Circuit, issued on July 11, 2001, suspended respondent from the practice of law for a period of five years, with her reinstatement conditioned upon her reinstatement by the state bar of California and completion of a probationary period and other conditions imposed by the California Supreme Court's prior orders. The Ninth Circuit proceedings were based in part upon findings and disciplinary determinations of the California Supreme Court relating to several matters in which respondent committed misconduct.

The first of those two California state court matters took place in 1992, in a case where respondent was retained to bring an action on behalf of Frederick Cooper. She failed to respond to the defendant's demurrer, failed to appear at the hearing, failed to keep the client informed of the status of the case, and made misrepresentations to the San Bernardino Superior Court as to her failure to respond to the demurrer. Her failure to keep her client reasonably informed about events in his case was found to constitute a violation of California Business and Professions Code § 6068 (m), and her misrepresentations to the court and failure to investigate properly were held to constitute aggravating factors in determining the appropriate discipline.

The second matter took place in 1995, where, in the course of representing her client, Dr. Chang, she directed Dr. Chang to sign blank verification forms, to which respondent thereafter attached interrogatory responses without having the client review them; she failed to attend two status conferences, then attempted to obscure her failure by billing her client for one conference; and failed to inform her client that the answer was stricken. Her conduct was found to amount to a repeated fail-

ure to competently perform client services, in violation of rule 3-110 (A) of the California Rules of Professional Conduct (RPC), a failure to keep her client reasonably informed about events in his case, in violation of California Business and Professions Code § 6068 (m), and an act involving moral turpitude, in violation of California Business and Professions Code § 6106, for falsely billing for services she had not provided.

Lastly, in another case respondent was found to have violated RPC 3-200 (B) by accepting and continuing employment when she knew or should have known that the claim was not warranted under existing law, and to have violated California Business and Professions Code § 6103 by disobeying the court order directing her to pay a sanction in relation to that case.

Based upon the foregoing, the California Supreme Court suspended respondent from the practice of law for five years, but stayed the suspension and placed her on probation for five years with an actual suspension of two years plus three months.

In addition to the foregoing misconduct, which the Ninth Circuit held to fully support the imposition of reciprocal discipline, the Circuit Court also found independent grounds for issuance of a disciplinary order against respondent. Respondent's appellate work before the Ninth Circuit was held to have been inadequate in one appeal which was dismissed for failure to prosecute, and in another appeal, where respondent, without first seeking leave of the court, improperly delivered to each member of the panel a letter discussing a question that she had failed to answer at oral argument. In a civil rights action in which she was retained to represent the plaintiff, respondent failed to file any opposition to the defendant's summary judgment motion, then filed a notice of appeal three days late, and was found to have failed to bring the claim within the applicable limitations period and to have acted unreasonably and in bad faith in pursuing the same claim in both state and federal court.

Respondent has provided no showing supporting any of the available defenses under 22 NYCRR 603.3, nor does this Court perceive any basis for such defense. Respondent was provided with more than sufficient notice and opportunity to be heard in the California matters (see 22 NYCRR 603.3 [c] [1]), and there was no infirmity of proof (see 22 NYCRR 603.3 [c] [2]).

The misconduct for which she was disciplined similarly constitutes misconduct in this state (see 22 NYCRR 603.3 [c] [3]). Respondent's many failures to communicate with clients

regarding their cases amount to a violation of Code of Professional Responsibility DR 6-101 (a) (3) and DR 7-101 (a) (3) (22 NYCRR 1200.30; 1200.32); her misrepresentations constitute violations of DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3); and her failure to perform client services competently amounts to a violation of DR 6-101 (a) (1) and (3). Her violation of RPC 3-200 (B) is analogous to DR 7-102 (a) (2) (22 NYCRR 1200.33), and her violation of California Business and Professions Code § 6103 is analogous to a violation of DR 7-106 (a) (22 NYCRR 1200.37). The American Bar Association Model Rules of Professional Conduct (Model Rules) violated by respondent's conduct before the Ninth Circuit, Model Rules 1.1, 1.3 and 3.2, are analogous to DR 6-101 (a) (1) and (3), and DR 7-101 (a) (1); Model Rule 8.4 (d) is identical to DR 1-102 (a) (5).

It is generally accepted that the state where respondent lived and practiced law at the time of the offense has the greatest interest in the sanction imposed (*see Matter of Reiss*, 119 AD2d 1, 6 [1986]), and this Court normally adopts the sanction imposed by the respondent's home jurisdiction (*see Matter of Gifis*, 259 AD2d 105, 107 [1999]). Respondent's misconduct here warrants a suspension consistent with the terms imposed by the Ninth Circuit Court of Appeals.

Accordingly, the petition should be granted and respondent suspended from the practice of law in the State of New York for five years, with any application for reinstatement to this Court conditioned upon respondent's prior reinstatement by both the Supreme Court of California and the United States Court of Appeals for the Ninth Circuit.

BUCKLEY, P.J., ANDRIAS, SAXE, ROSENBERGER and MARLOW, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of five years, nunc pro tunc to February 16, 2000 and until the further order of this Court, as indicated.