[808 NYS2d 201]

In the Matter of Douglas P. Schmell (Admitted as Douglas Paul Schmell), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, January 19, 2006

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jun Hwa Lee* of counsel), for petitioner.

*Benjamin Brotman & Associates, PC.* (*Michael A. Gentile* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Douglas P. Schmell was admitted to the practice of law in the State of New York by the Second Judicial Department on December 4, 1988, under the name Douglas Paul Schmell. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee served respondent with a notice and statement of 48 charges alleging he violated the Code of Professional Responsibility. Charges 1 through 3 involve respondent's representation of an elderly client and his mishandling and intentional conversion of her settlement money in violation of Code of Professional Responsibility DR 1-102 (a) (4) and DR 9-102 (a) and (c) (4) (22 NYCRR 1200.3, 1200. 46). Charges 4 through 25 concern respondent's handling of funds belonging to 22 other clients, including allegations that he failed to maintain their funds intact and permitting his escrow account to fall below the amount of money due each of them in violation of DR 9-102 (a).

Charges 26 through 41 concern allegations that respondent commingled his personal funds with client funds in his escrow account in violation of DR 9-102 (a) and (b) (1). Charges 42 and 43 allege respondent failed to properly maintain required bookkeeping records in violation of DR 9-102 (d) (1) and (2). Charges 44 and 45 allege he failed to file retainer and closing statements with the Office of Court Administration in connection with clients' personal injury matters involving contingency fees as required by 22 NYCRR 603.7 and in violation of DR 1-102 (a) (5). Charges 46 and 47 allege respondent assisted his clients in evading various liens, and child support and alimony payments in violation of DR 1-102 (a) (4) and (7). Lastly, Charge 48 alleges

that by engaging in the above misconduct respondent engaged in conduct that adversely reflected on his fitness to practice law in violation of DR 1-102 (a) (7).

A hearing was held before a referee at which respondent testified. At the conclusion, the referee sustained all of the charges, which respondent no longer contests. Thereafter, the referee held a mitigation hearing at which respondent did not testify nor did he offer any character letters. Rather, his father, an attorney, testified that respondent's reputation among judges was as an "honest and fair" attorney, that respondent had many minority clients, and took cases when other attorneys would not, achieving good results.

In his report, the referee set forth his findings of fact and conclusions of law, and agreed with the Committee that disbarment was appropriate, citing the intentional conversion of funds of an elderly client to whom settlement proceeds were finally disbursed after almost two years and only after the client's niece threatened to report respondent to the "bar association"; a pattern of misappropriating escrow funds of 22 other clients; multiple instances of commingling personal funds with client funds; and lack of mitigation.

After hearing oral argument, by report, the Hearing Panel confirmed the referee's report, but recommended a three-year suspension instead of disbarment. The Panel found respondent "sympathetic and contrite" and believed at least some of his actions were the result of his "inexperience in, and ignorance of the rules regarding, escrow accounts."

The Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) confirming the findings of facts and conclusions of law of the referee and Hearing Panel and, due to the differing sanction recommendations, asks this Court to impose whatever sanction it deems just and proper. By cross motion, respondent seeks an order disaffirming the Hearing Panel's determination insofar as it recommended a three-year suspension and asks this Court to impose a public censure or short suspension. In support of a lesser sanction of censure or a short suspension, respondent points to his admission of "aberrational" wrongdoing; his cooperation with the Committee from the beginning; his candor and contrition concerning his isolated misconduct; the absence of any pecuniary loss suffered by a client due to his "inept bookkeeping"; his admittedly delayed payment to his elderly client was made with interest; his deep regret regarding his conduct; and his otherwise unblemished record.

Since respondent's intentional conversion of client funds, misappropriation, and other misconduct are undisputed, the only issue is whether a sanction other than disbarment is warranted.

This Court considers it well settled, virtually without exception and absent extreme mitigating circumstances, that attorneys such as respondent who have intentionally converted client funds have committed serious professional conduct which warrants the sanction of disbarment (*see Matter of Blumstein*, 22 AD3d 163 [2005]; *Matter of McCann*, 3 AD3d 5 [2003]; *Matter of Birnbaum*, 308 AD2d 180 [2003]) regardless of any intent to restore the funds or the actual restoration of funds (*see Matter of Nitti*, 268 AD2d 41 [2000]).

We reject the Hearing Panel's conclusion that a three-year suspension is warranted because respondent's misconduct was partially due to inexperience in, and ignorance of, escrow account rules. That rationale is unacceptable as justification for respondent's misconduct after 16 years as a practicing attorney (*see Matter of Britton*, 232 AD2d 17 [1997] [attorney disbarred who was only admitted four years at time of misconduct and did not understand the proper use of an escrow account]). Moreover, respondent's misconduct was not an isolated incident as evidenced by the 48 sustained charges of misconduct ranging from conversion to commingling of personal funds with funds of 22 other clients to assisting clients to evade liens. Respondent himself did not offer any mitigating circumstances at the hearing before the referee. The evidence on which he relies to support his motion for a lesser sanction does not include the type of unusual or uniquely compelling circumstances which would persuade us to mitigate the sanction of disbarment.

Accordingly, the Committee's petition should be granted to the extent of confirming the findings of fact and conclusions of law made by the referee and Hearing Panel. The Hearing Panel's recommendation that this Court impose a three-year suspension should be disaffirmed, and respondent should be disbarred. Respondent's cross motion should be denied.

MAZZARELLI, J.P., MARLOW, SULLIVAN, GONZALEZ and SWEENY, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective February 21, 2006.