[950 NYS2d 32]

In the Matter of STEPHEN G. KENNEDY (Admitted as STEPHEN GEORGE KENNEDY), a Suspended Attorney, Respondent. DE- PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDI- CIAL DEPARTMENT, Petitioner.

First Department, August 7, 2012

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner. *John C. Klotz* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Stephen George Kennedy was admitted to the practice of law in the State of New York by the Second Judicial Department on May 27, 1987. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered June 30, 2011, we suspended respondent on an interim basis pursuant to 22 NYCRR 603.4 (e) (1) (iii) based upon his admitted conversion and/or misappropriation of escrow funds, his failure to maintain a ledger for his escrow account, and his inability or unwillingness to account for numerous escrow account transactions (*Matter of Kennedy*, 87 AD3d 107 [2011]).

On May 24, 2011, the Departmental Disciplinary Committee served respondent with a notice and statement of charges alleging five ethics violations arising from his conversion of escrow funds held by him in connection with a real estate transaction. Charge one alleges that by using funds in his IOLA account that belonged to the buyer to pay for various personal and/or business expenses without permission or authority, respondent intentionally converted funds and thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and Rules of Professional Conduct (RPC) (22 NYCRR 1200.0) rule 8.4 (c). Charge two alleges that by failing to provide the Committee with the requested escrow account records, as well as a full accounting of the transactions in question despite repeated requests, respondent engaged in conduct that was prejudicial to the administration of justice in violation of DR 1-102 (a) (5) and RPC 8.4 (d). Charge three alleges that, by using the funds in his IOLA account to pay for various business related expenses without the client's permission or authority, respondent engaged in the misappropriation of funds in violation of DR 9-102 (a) (22 NYCRR 1200.46 [a]) and RPC 1.15 (a). Charge four alleges that by failing to maintain required bookkeeping records, as well as failing to make accurate financial entries in a ledger or similar record of receipts

and disbursements, respondent violated DR 9-102 (d) (1) and (2), as well as RPC 1.15 (d) (1) and (2). Charge five alleges that by engaging in all of the misconduct listed above, respondent engaged in conduct that adversely reflects on his fitness as a lawyer in violation of DR 1-102 (a) (7) and RPC 8.4 (h).

Respondent submitted an answer admitting the charges; however, he claimed that the buyer's alleged entitlement to receive the escrow funds was in dispute, that he was expecting funds from other sources that would allow full reimbursement of the down payment he had used, and he was forthright and cooperative with the Committee. Immediately prior to the Referee's hearing, the Committee and respondent entered into a stipulation in which respondent made admissions consistent with his answer; however, he retracted admissions relating to the most serious violations contained in charges one and three.

The Referee conducted a hearing on August 3, 2011, at which time respondent, represented by counsel, testified on his own behalf in defense of the charges and in mitigation. Although respondent did not deny the facts of most of the charges, he testified in accordance with his answer that he did not "intentionally" convert the client's money since it was yet to be determined which party was entitled to the down payment funds at the time he used the escrow funds for his personal or business expenses. In addition, respondent testified he believed that payment of an outstanding legal fee from an unrelated case was imminent and, only then, did he begin withdrawing the escrow funds, believing he would use the legal fee to repay the third-party funds he withdrew. By a report dated September 21, 2011, the Referee sustained all five charges and recommended respondent be disbarred. A Hearing Panel heard oral argument on October 31, 2011, and by a report dated November 22, 2011, recommended confirming the Referee's report and the recommended sanction of disbarment.

The Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law in the report of the Referee and the Hearing Panel's determination, and adopting their recommendations that respondent be disbarred. Respondent and his counsel submitted reply papers stating the respondent does not object to an order of disbarment and "consent[s] to same," while again reiterating that he did not "intentionally" convert the escrow funds.

Absent extraordinary mitigating circumstances, intentional conversion of escrow funds requires disbarment (*Matter of Squi-*

*tieri*, 88 AD3d 380 [2011]; *Matter of Kirschenbaum*, 29 AD3d 96 [2006]). Moreover, respondent's expectation of receiving legal fees and his intention to make restitution is not considered a factor in mitigation in matters involving intentional conversion of escrow funds (*see Matter of Crescenzi*, 51 AD3d 230, 234 [2008]; *Matter of Daly*, 232 AD2d 868 [1996]).

Respondent's conversion and misappropriation of some $155,000 of third-party funds for his personal use over a two-year period has been clearly established by respondent's own admissions and documentary proof submitted at the hearing. Moreover, respondent has failed to set forth any extremely unusual mitigating circumstances to justify departing from the usual penalty of disbarment. It should be noted that respondent's explanation that he believed he would be able to replenish the converted funds with the imminent receipt of a legal fee is belied by the fact that the misconduct took place over a two-year period, and continued even after respondent became aware of the Committee's investigation. The findings and recommendations of the Referee and Hearing Panel should therefore be confirmed.

With respect to an appropriate sanction, disbarment is the proper sanction for respondent's pattern of deliberate conversion of escrow funds, particularly where, as here, respondent has not presented any evidence of "extreme[ly] [unusual] mitigating circumstances," despite his claimed intent to replace the stolen funds (*Matter of Kohn*, 31 AD3d 203, 206 [2006]; *see also Matter of Schmell*, 27 AD3d 24 [2006]; *Matter of Nitti*, 268 AD2d 41 [2000]).

Accordingly, the Committee's petition should be granted, the Hearing Panel's findings of fact and conclusions of law confirmed, respondent should be disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York.

MAZZARELLI, J.P., SWEENY, MOSKOWITZ, RENWICK and ROMÁN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.