OPINION OF THE COURT
Per Curiam.
Respondent David Katz was admitted to the practice of law in the State of New York by the First Judicial Department on May 24, 1982. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.
On or about November 10, 2010, the Departmental Disciplinary Committee served respondent with a notice and statement of charges alleging nine counts of misconduct. However, after the hearing on liability the Committee withdrew charges one through three. The remaining six charges alleged that respondent commingled personal funds and client funds in violation of Code of Professional Responsibilities DR 9-102 (a) and (b) (1) and (4) (22 NYCRR 1200.46 [a], [b] [1], [4]); intentionally converted and misappropriated client funds in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and DR 9-102 (a) (22 NYCRR 1200.46 [a]); failed to keep required escrow account records in violation of DR 9-102 (d) (1), (2) and (9) (22 NYCRR 1200.46 [d] [1], [2], [9]); and engaged in conduct which adversely reflects on his fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).
Following hearings on liability and sanctions, a Referee appointed by this Court sustained all six charges against respondent. While acknowledging this Court’s general practice of imposing a sanction of disbarment for the intentional conversion of client funds, the Referee recommended that respondent be suspended for four years, concluding that exceptionally unusual mitigating circumstances warranted a lesser penalty.
A Hearing Panel heard oral argument and issued a written report affirming the Referee’s liability findings but disaffirming his sanction recommendation. The Panel rejected the Referee’s view that extremely unusual mitigating evidence warranted departure from the sanction of disbarment.
The Departmental Disciplinary Committee now seeks an order pursuant to Rules of the Appellate Division, First Depart *145 ment (22 NYCRR) §§ 603.4 (d) and 605.15 (e) (2) confirming the Hearing Panel’s findings of fact and conclusions of law, including its recommendation that respondent be disbarred. The Committee points out that respondent not only engaged in the intentional conversion of client funds for his own personal use but also misappropriated client funds to pay other clients, thereby creating delays in disbursements of client funds, which he then attempted to conceal by backdating checks and submitting false closing statements to the Office of Court Administration. Further, the Committee does not believe that any compelling or extraordinary mitigating circumstances exist to warrant anything less than disbarment.
By cross motion submitted through counsel, respondent requests that this Court disaffirm the Hearing Panel’s findings of fact and conclusions of law sustaining the charges of misappropriation, intentional conversion, and fitness to practice law (charges five, six and nine) and its recommended sanction of disbarment and, instead, impose a sanction ranging from public censure to no greater than a six-month suspension.* Respondent attributes his misconduct to the federal prosecution of a wide-spread insurance fraud involving a number of medical clinics, several of which were his clients, which culminated in the seizure by the Federal Bureau of Investigation (FBI) of funds maintained in one of respondent’s escrow account and held on behalf of those clients. According to respondent, the targeted funds had already been disbursed prior to the seizure. Thus, respondent argues, no venal intent has been established and, as such, the intentional conversion charge should have been dismissed. Respondent further takes issue with the two aggravating circumstances found by the Hearing Panel, arguing that it put misplaced emphasis on “these post-hearing, uncharged and mischaracterized afterthoughts.” Finally, respondent contends that the Panel gave “short shrift” to the four cases cited by counsel in support of censure or a short suspension (Matter of Dyer, 89 AD3d 182 [1st Dept 2011]; Matter of Fisher, 43 AD3d 173 [1st Dept 2007]; Matter of Cohen, 12 AD3d 29 [1st Dept 2004]; Matter of Altschuler, 139 AD2d 311 [1st Dept 1988]).
We begin by observing that all six charges against respondent are amply supported both by the documentary evidence and his *146 own admissions. Standing alone, the commingling, misappropriation, and inadequate record keeping charges warrant a lengthy suspension. However, it is well settled within this Department that, absent “exceptional mitigating circumstances” the intentional conversion of escrow funds mandates disbarment (see Matter of Kennedy, 99 AD3d 75, 77 [1st Dept 2012]; Matter of Squitieri, 88 AD3d 380 [1st Dept 2011]; Matter of Crescenzi, 51 AD3d 230 [1st Dept 2008]; Matter of Kohn, 31 AD3d 203 [1st Dept 2006]; Matter of Kirschenbaum, 29 AD3d 96 [1st Dept 2006]; Matter of Schmell, 27 AD3d 24 [1st Dept 2006]; Matter of Nitti, 268 AD2d 41 [1st Dept 2000]). The “venal intent” necessary to support intentional conversion is established where, as here, the evidence shows that the attorney knowingly withdrew client funds without permission or authority and used said funds for his own personal purposes (see Matter of Kirschenbaum, 29 AD3d at 100; Matter of Nitti, 268 AD2d at 42-43). The intent to restore or the actual restoration of the converted funds is not a sufficient mitigating factor to avoid the sanction of disbarment (see Kirschenbaum at 100; Matter of Kohn, 31 AD3d at 206; Matter of Schmell, 27 AD3d at 27; Nitti at 42-43). Neither are the lack of financial loss to clients, the absence of any prior disciplinary action or full cooperation with the Committee, all of which were cited by the Referee in mitigation, sufficient to avoid disbarment in the case of intentional conversion (see Matter of Birnbaum, 308 AD2d 180, 183 [1st Dept 2003]; Matter of Harley, 298 AD2d 49, 51 [1st Dept 2002]).
Finally, respondent failed to establish that the seizure of escrow funds by the FBI constituted “extremely unusual mitigating evidence” that bore the requisite causal relationship to his misconduct. Respondent conceded that all of his conversions could not be attributed to the seizure; nor did the circumstances prevent respondent from taking appropriate action in response, particularly, informing his clients that their funds had been seized (see Matter of Blumstein, 22 AD3d 163, 166 [1st Dept 2005]; Matter of Adelman, 293 AD2d 62, 69 [1st Dept 2002]; Matter of Neufeld, 268 AD2d 1, 3-4 [1st Dept 2000]).
Accordingly, the Committee’s petition should be granted, the findings of fact and conclusions of law of the Hearing Panel confirmed, the cross motion denied, and respondent’s name stricken from the roll of attorneys and counselors-at-law, effective immediately.
*147 Tom, J.R, Andreas, Renwick, DeGrasse and Richter, JJ., concur.
Respondent disbarred, and his name stricken from the roll of attorney and counselors-at-law in the State of New York, effective the date hereof. Cross motion denied.

 Respondent does not explicitly request confirmation of the Hearing Panel’s liability findings as to commingling and inadequate record keeping (charges four, seven and eight); however respondent has admitted these charges.