Matter of Blumenthal (2018 NY Slip Op 06219)





Matter of Blumenthal


2018 NY Slip Op 06219


Decided on September 25, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr.,Justice Presiding,
Dianne T. Renwick
Rosalyn H. Richter
Sallie Manzanet-Daniels
Richard T. Andrias, Justices.


M-3095

[*1]In the Matter of Thomas A. Blumenthal, (admitted as Thomas Alan Blumenthal), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Thomas A. Blumenthal, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Thomas A. Blumenthal, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 23, 1968.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kathy W. Parrino, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Thomas Blumenthal was admitted to the practice of law in the State of New York by the First Judicial Department on December 23, 1968, under the name Thomas Alan Blumenthal. At all times relevant to this proceeding, respondent maintained a business address in New Jersey where he also was admitted to practice law. The Attorney Grievance Committee seeks an order, pursuant to the doctrine of reciprocal discipline as set forth in the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, disbarring respondent predicated upon discipline imposed by the New Jersey Supreme Court. Respondent has not appeared herein.
In the New Jersey proceeding, respondent stipulated to the relevant facts establishing that he, inter alia, misappropriated client funds to pay for personal and unrelated business expenses, [*2]and covered the ensuing shortfalls by invading funds received for specific transactions to pay for disbursements in other matters. The New Jersey Supreme Court disbarred respondent from the practice of law for violating New Jersey RPC 1.15(a) by knowingly misappropriating funds designated for one real estate transaction to pay for disbursements in another, as well as RPC 1.8(a), 8.4(c) and 8.4(d) for improper business transactions, and engaging in conduct that involved dishonesty, fraud, deceit or misrepresentation, and that was prejudicial to the administration of justice.
Respondent's conduct violates New York's Rules of Professional Conduct and warrants disbarment, notwithstanding any intent to replace the funds or that they were repaid (Matter of Bloomberg, 154 AD3d 75 [1st Dept 2017]; Matter of Livingston, 133 AD3d 1 [1st Dept 2015]; Matter of Freimark, 243 AD2d 104 [1st Dept 1998]). Moreover, significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (Matter of Jaffe, 78 AD3d 152 [1st Dept 2010]).
Accordingly, the Committee's motion, pursuant to 22 NYCRR 1240.13, should be granted and respondent is disbarred from the practice of law in the State of New York.
All concur.
Order filed. [September 25, 2018]
Ordered that the motion is granted, and respondent is disbarred from the practice of law in the State of New York, and until further order of this Court.