[598 NYS2d 218]

In the Matter of KENNETH S. PELSINGER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 27, 1993

### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New York by the Second Judicial Department on July 28, 1982,

under the name Kenneth Steven Pelsinger, and at all relevant times has maintained an office for the practice of law in the First Judicial Department.

In December of 1991, respondent was served with notice of charges alleging that he had converted client funds and failed to preserve their identity in violation of Code of Professional Responsibility DR 1-102 (A) (4) and DR 9-102 (A) (Charge One); engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4) (Charge Two); commingled funds in violation of DR 9-102 (A) and 22 NYCRR 603.15 (a) of the Rules of the Appellate Division, First Department (Charge Three); used client funds to pay for personal expenses in violation of DR 1-102 (A) (4) and failed to preserve the identity of client funds in violation of DR 9-102 (A) and 22 NYCRR 603.15 (b) of the rules (Charge Four); failed promptly to return client property in violation of DR 9-102 (B) (4) (Charge Five); failed to render appropriate accounts of all properties of his clients in his possession in violation of DR 9-102 (B) (3) (Charge Six); wrote checks on his escrow accounts to "cash," to himself or to his bank in violation of 22 NYCRR 603.15 (d) (Charge Seven); engaged in misconduct by failing to maintain proper records of funds held in escrow in violation of DR 9-102 (B) (3) and 22 NYCRR 603.15 (c) (Charge Eight); failed to cooperate with the Committee in its investigation in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), as amended in 1990 (Charge Nine), and engaged in conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (6) and DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), as amended in 1990 (Charge Ten).

After a hearing, the Hearing Panel sustained Charge One only insofar as it alleged a violation of DR 9-102 (A) and also sustained Charges Three, Four, Five, Six, Eight, Nine and Ten. The Panel found as follows:

In August of 1988 respondent, who has been a solo practitioner since 1985 and has never previously been disciplined, deposited a check in the amount of $14,200, the purchasers' down payment for the purchase of a condominium owned by his clients, into one of two attorney escrow accounts (Account No. 1) he maintained with Citibank. This sum was to be held in escrow by respondent until closing. Respondent admits that between the date of deposit and the closing the balance in Account No. 1 was less than the down payment. A check respondent wrote on the account at closing to the title company was returned for insufficient funds and was replaced

with a check written on Account No. 2. Respondent admits that while the down payment was held in Account No. 1, he wrote checks to pay for his own personal and business expenses. Because the replacement of the original check several months later did not make the title company whole, it became necessary for the title company to sue respondent for interest and expenses.

In July of 1989 respondent received a check in the amount of $9,702, the down payment for the purchase of an apartment owned by other clients, and deposited the check in Account No. 2. Respondent admits that between the date of deposit and the closing the balance in Account No. 2 fell below the amount of the down payment and that he used funds on deposit in Account No. 2 during that period to pay personal and business expenses. At closing, respondent received from the purchasers three checks, two of which were deposited in Account No. 1. Thereafter, respondent made disbursements from Account No. 1 for the benefit of his clients in excess of the amount held for their benefit. Respondent admits that in so doing he used funds held for the benefit of other clients for the use of these clients.

Respondent admitted to other instances of commingling, including making regular transfers of funds among Account No. 2, his savings account and a Mastercard account linked to Account No. 2, repeatedly overdrawing both accounts and writing checks on each of them payable to "cash" and repeatedly using funds held for the benefit of one client for another without permission or authority. His record keeping ranged from sloppy to nonexistent. In addition, on numerous occasions, respondent failed to cooperate with the Disciplinary Committee with respect to the investigation and hearing.

The Hearing Panel concluded that despite the repetitive commingling, it does not appear that any client lost funds with regard to either of the transactions. It cited testimony that respondent had funds in other personal accounts in excess of escrowed funds as bearing on whether he had an intent to gain personally. Thus, the Panel did not find actual profit or "dishonesty" on the part of respondent. Therefore, while it sustained charges relating to DR 9-102 (A) and (B), which prohibit commingling, it did not sustain charges alleging violation of DR 1-102 (A) (4) ("conduct involving dishonesty, fraud, deceit, or misrepresentation"), since it found no evidence in the record of venal intent. As to the sanction to be imposed, the Panel concluded that while in a case of commingling without intent to gain personally it would ordinarily

recommend a two-year suspension *(see, Matter of Altomerianos* (160 AD2d 96), this case involves evidence of a failure to cooperate, inexcusably inadequate record keeping which thwarted the parties' ability to prove or disprove the alleged attempted return of funds to the Sheinfelds and the absence of any extraordinary mitigating circumstances to explain or justify the commingling. Balancing these factors against respondent's absence of a disciplinary record, the absence of evidence of personal gain at a client's expense and respondent's prehearing admission of the charges of commingling, the Panel recommended a three-year suspension.

The Disciplinary Committee seeks an order confirming the Hearing Panel's report and recommendation and imposing whatever discipline the Court deems appropriate.

We agree with the Hearing Panel that this case involves a pervasive pattern of commingling of escrow funds and that there is no evidence that any client lost money as a result of respondent's conduct or that there was an intent on his part to profit personally. While conversion of clients' funds constitutes serious professional misconduct which generally results in disbarment *(see, Matter of Malatesta,* 124 AD2d 62), a lesser sanction may be imposed for such conduct where there are mitigating circumstances. In *Matter of Altomerianos* (160 AD2d 96, *supra),* and *Matter of Altschuler* (139 AD2d 311), for example, this Court granted two-year suspensions in view of mitigating circumstances which included the absence of a venal intent, the attorneys' restoration to the escrow funds of all sums converted and their previously unblemished records. Given the absence of venality on the part of respondent, the lack of injury to any client, respondent's prehearing admission of commingling, and his previously unblemished record, which includes the rendering of *pro bono* services, we agree that a suspension is the appropriate sanction and that, in view of respondent's failure to cooperate with the Committee from the inception of its investigation and through the hearing and his failure to offer a credible explanation for his conduct, the suspension should be for a period of three years.

SULLIVAN, J. P., ROSENBERGER, WALLACH, ROSS and RUBIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three years, effective June 28, 1993, and until the further order of this Court.