[654 NYS2d 13]

In the Matter of HARVEY RIVERA, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, Petitioner.

First Department, February 25, 1997

## APPEARANCES OF COUNSEL

*Erania Ebron-Fubara* of counsel *(Hal R. Lieberman,* attorney), for petitioner.
*David H. Gendleman* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Harvey Rivera was admitted to the practice of law in the State of New York by the First Judicial Department on February 7, 1983 and at all times pertinent to this proceed-

ing maintained an office for the practice of law within this Department.

Respondent was served with a notice and statement of charges dated April 11, 1995, in which it was alleged that he violated Code of Professional Responsibility DR 1-102 (A) (4) and (7) (now [8]); DR 2-110 (A) (3); DR 6-101 (A) (3); and DR 9-102 (B) (1) and (4); (C) (3) and (4); (D) and (E) (22 NYCRR 1200.3, 1200.15, 1200.30, 1200.46) by, *inter alia*, intentionally converting client funds to his personal use, overdrawing his attorney's escrow account containing client funds so that on several occasions the balances were insufficient or negative, failing to keep required escrow records, and substantially neglecting three separate legal matters. The charges were subsequently amended to allege a violation of DR 1-102 (A) (4) by intentionally using client funds for personal purposes. Respondent admitted that he failed to keep required escrow records and admitted many of the allegations contained in the charges, but denied that he violated any other disciplinary rules.

A Hearing Panel convened to hear testimony and receive evidence relating to the charges. It sustained 10 of the 14 charges in their entirety, sustained Charge One insofar as respondent intentionally failed to pay over to a client funds that were due and used such funds for his own personal or business purposes, sustained Charge Five insofar as respondent falsely stated to the Committee when and how he had transmitted escrow funds to Myrna Pagan, and dismissed charges with respect to the third legal matter respondent was alleged to have neglected (Charges Eleven and Twelve). The Panel recommended that respondent be disbarred.

Petitioner Departmental Disciplinary Committee for the First Judicial Department moves to confirm the Hearing Panel's report and recommendations. Respondent cross-moves to confirm in part and disaffirm in part the Panel's findings and conclusions.

We have consistently held that, absent unusual mitigating circumstances, conversion of clients' funds constitutes serious professional misconduct which generally warrants disbarment. (*Matter of Ampel*, 208 AD2d 57, 60; *Matter of Pelsinger*, 190 AD2d 158, 161.) The mitigating circumstances respondent relies on—personal problems, which included alcoholism and drug abuse—do not justify a less severe sanction. "[A]bsent extremely unusual circumstances * * * personal problems cannot provide justification, even in mitigation, for wrongful

behavior." (*Matter of Pinello*, 100 AD2d 64, 66.) In addition, respondent asserts that he lacked a venal intent. The Panel, however, found respondent's intent "unquestionably venal," noting that the intent is established when the actor converts the funds to his own use. (*See, Matter of Ampel, supra,* 208 AD2d, at 61.) Respondent's reliance on *Pelsinger (supra)* is misplaced; there the Panel found no actual profit or dishonesty on the part of respondent and noted that funds in other accounts in excess of the escrowed funds were relevant to the question of whether he intended to gain personally from his misconduct. We also find significant the fact that respondent was not completely honest with the Committee regarding his efforts to make restitution and his neglect of legal matters.

Accordingly, the petition is granted, respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, and his name is stricken from the roll of attorneys. The cross motion is granted only insofar as it seeks to confirm the findings and conclusions of the Hearing Panel and is otherwise denied.

SULLIVAN, J. P., WALLACH, RUBIN, WILLIAMS and TOM, JJ., concur.

Petition granted, respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective March 27, 1997, and cross motion granted only insofar as it seeks to confirm the findings and conclusions of the Hearing Panel, and otherwise denied.