[710 NYS2d 594]

In the Matter of JOSEPH PATRICK ALBANESE (Admitted as JOSEPH P. ALBANESE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 13, 2000

**APPEARANCES OF COUNSEL**

*Mady J. Edelstein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Sarah Diane McShea* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Joseph Patrick Albanese, was admitted to

practice law in the State of New York by the Second Judicial Department on June 16, 1965. At all times relevant to this proceeding, he maintained an office to practice law in the First Judicial Department.

On December 9, 1998, the Departmental Disciplinary Committee served respondent with a notice and statement of charges containing five disciplinary charges concerning respondent's conversion of client funds being held in his escrow account, and an affirmation he prepared and filed regarding said funds. The charges, respectively, provided as follows: intentionally converting client funds in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3), specifically, the down payment toward the purchase of a cooperative apartment; intentionally submitting a dishonest and misleading affirmation to the Court in violation of DR 1-102 (a) (4), that was prejudicial to the administration of justice in violation of DR 1-102 (a) (5); failing to maintain the identity of escrow funds and commingling personal and escrow funds, in violation of DR 9-102 (a) and (b) (22 NYCRR 1200.46); failing to maintain escrow records and records for his operating account in violation of DR 9-102 (d); and engaging in conduct that adversely reflects upon his fitness to practice law, in violation of DR 1-102 (a) (8) (now [7]) and (5).

In answering the charges respondent admitted substantially all of the factual allegations of the charges, except that his conduct violated DR 1-102 (a) (4) and (5), since he did not act with fraudulent or venal intent. He also denied a portion of the fourth charge, relating to improper record-keeping.

A hearing was thereafter conducted before a Referee who, in her report and recommendation dated July 8, 1999, sustained charges one, two, three and five in their entirety, and charge four regarding record-keeping in part. As to a sanction, the Referee recommended that, in view of a variety of mitigating factors, respondent be suspended for two years.

A Hearing Panel then heard oral argument and received further written submissions in which Committee staff urged the Panel to confirm the Referee's findings but recommended disbarment. Respondent argued that a "suspended two year suspension" was appropriate. By a determination dated December 23, 1999, the Panel recommended modification of the Referee's sanction to the extent of suspending respondent for three years, rather than two years.

The Departmental Disciplinary Committee, with the approval of the Policy Committee, now moves for an order pursu-

ant to 22 NYCRR 603.4 (d) confirming the findings of fact and conclusions of law set forth in the Hearing Panel's report, disaffirming the Panel's sanction recommendation, and directing the disbarment of respondent. Respondent opposes the motion and cross-moves for an order confirming the Referee's and Hearing Panel's report and determinations, and suspending respondent for no more than two or three years as recommended.

Although we agree with the Hearing Panel's findings of fact, we conclude that, under the circumstances presented, including, *inter alia*, respondent's unblemished record and the isolated nature of the incident, a four-year suspension is the appropriate sanction (*cf., Matter of Munzer*, 261 AD2d 87; *compare, Matter of Nitti*, 268 AD2d 41). We also note that, while not dispositive, there is some indication that the complaint in this matter was filed with malevolent intent, namely, a desire on the part of a cooperative purchaser to obtain a more favorable purchase price.

Accordingly, for the foregoing reasons, the motion and cross motion should be granted to the extent of confirming the Hearing Panel's findings of fact. Insofar as the Hearing Panel and the Departmental Disciplinary Committee recommended, respectively, a two- or three-year suspension and disbarment, the motions are denied. Respondent should be suspended from the practice of law, effective 30 days from the date of this order, for a period of four years and until further order of this Court.

ROSENBERGER, J. P., ELLERIN, RUBIN, SAXE and FRIEDMAN, JJ., concur.

Petition and cross motion granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, disaffirming the Hearing Panel's and Referee's recommended sanctions of suspension and the Departmental Disciplinary Committee's recommended sanction of disbarment, and respondent suspended from the practice of law in the State of New York for a period of four years, effective August 14, 2000, and until the further order of this Court.