[941 NYS2d 89]

In the Matter of JOHN G. LYNCH (Admitted as JOHN GREGORY LYNCH), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 27, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent John Gregory Lynch was admitted to the practice of law in the State of New York by the First Judicial Department on August 6, 1974. At all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.

On June 12, 2007, respondent pleaded guilty in Albany City Court to two misdemeanor counts of failure to file New York State personal income tax returns in violation of Tax Law § 1801 (a). On August 27, 2007, respondent was sentenced on that plea to 45 days of home confinement, a conditional discharge, 40 hours of community service and a $10,000 fine.

On October 24, 2007, respondent pleaded guilty in the United States District Court for the District of New Jersey to count two of a two-count indictment by which he was charged with the felony of conspiracy to employ a prohibited person in violation of 18 USC § 371. Under this count, respondent was charged with permitting Jack Kramer to serve as a consultant to the welfare benefit plan of a labor organization even though he knew Kramer, a convicted embezzler, was legally prohibited from working with a labor organization or employee benefit plan. The plea covered the remaining count by which respondent was also charged with conspiracy to embezzle funds from the labor organization in violation of 29 USC § 501 (c). On March 3, 2008, the District Court sentenced respondent to a prison term of 24 months, followed by a two-year term of supervised release, and ordered him to pay restitution in the amount of $296,000. On appeal, the Third Circuit affirmed the District Court's sentence enhancements but vacated the restitution order and remanded the matter with instructions to enter a new restitution order covering only $70,260, the amount actually paid to Kramer for consulting services and stipulated to in the plea agreement (*United States v Lynch,* 345 Fed Appx 798 [3d Cir 2009]).

By decision entered September 18, 2008 (55 AD3d 213 [2008]), this Court, upon the petition of the Departmental Disciplinary Committee (the Committee), (a) deemed the offense to which respondent pleaded guilty a "serious crime" under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12, (b) suspended respondent from the practice of law pursuant to Judiciary Law § 90 (4)

(f), and (c) directed respondent to, within 90 days after his release from incarceration, show cause before a referee appointed by this Court or a Hearing Panel of the Committee pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension or disbarment should not be made.

The Referee conducted a sanction hearing on October 28, 2010 at which time respondent testified on his own behalf and the Committee submitted documentary evidence. Respondent was employed primarily as an insurance broker when he committed the crimes that led to his convictions and this proceeding. In his deposition before the Committee, respondent testified that he did not file federal or state income tax returns for the years 2000 through 2004 although his guilty plea in the City Court encompassed only his neglect to file state tax returns for 2003 and 2004. With respect to the conduct underlying the first count of the federal indictment, respondent testified that he drafted a fraudulent letter and forged the signature of an insurance company representative in order to embezzle $296,000 from the labor organization. By a report dated January 25, 2011, the Referee set forth factual findings and conclusions of law, and recommended that respondent be suspended from the practice of law for the longer of (1) a period of two years from the date of his interim suspension, or (2) the expiration of his supervised release.*

On March 3, 2011, a Hearing Panel heard arguments. Petitioner's staff and respondent submitted briefs and both recommended that the Hearing Panel confirm the Referee's report in its entirety. By written determination dated May 3, 2011, the Hearing Panel confirmed the Referee's findings of fact, but disaffirmed the Referee's sanction recommendation. Instead the Hearing Panel recommended that respondent be disbarred retroactive to September 18, 2008 when his interim suspension commenced. The Committee now petitions for an order imposing a sanction that this Court deems just and proper.

The Hearing Panel found the embezzlement respondent admitted to in his deposition to be tantamount to an attorney's intentional conversion of client funds. The Hearing Panel further reasoned that disbarment was appropriate inasmuch as an attorney's misappropriation of client funds warrants disbarment absent extremely mitigating circumstances (*see e.g. Matter*

---

* Respondent's supervised release would have ended on or about February 12, 2012 inasmuch as the date of his release from federal prison was projected to be February 12, 2010.

*of Neufeld*, 268 AD2d 1 [2000]). The Committee cites *Matter of Pape* (31 AD3d 156 [2006]) and *Matter of Harley* (298 AD2d 49 [2002]) as examples of cases in which such misappropriation led to disbarment. To be sure, respondent's admitted embezzlement of the labor organization's funds is an aggravating factor. Nevertheless, the instant case is distinguishable because respondent's embezzlement was not admitted to during any plea allocution. Moreover, it was not the subject of any disciplinary proceeding brought against him. The Referee noted that respondent sincerely accepted responsibility for his conduct. We are also persuaded by the Referee's reasoning that respondent, who is now 68 years old and living on Social Security benefits, is unlikely to commit or position himself to commit similar offenses in the future. In light of the foregoing facts, we find a five-year suspension to be an appropriate sanction.

Accordingly, we grant the Committee's petition to the extent of confirming the Hearing Panel's determination as to the Referee's findings of fact, and respondent is suspended from the practice of law for a period of five years nunc pro tunc to September 18, 2008, and until further order of this Court.

ANDRIAS, J.P., FRIEDMAN, ACOSTA, RENWICK and DEGRASSE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of five years, nunc pro tunc to September 18, 2008, and until further order of this Court.