Matter of Pelsinger (2018 NY Slip Op 05929)





Matter of Pelsinger


2018 NY Slip Op 05929


Decided on August 29, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
JOHN M. LEVENTHAL
SHERI S. ROMAN, JJ.


2010-07850

[*1]In the Matter of Kenneth S. Pelsinger, admitted as Kenneth Steven Pelsinger, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Kenneth S. Pelsinger, respondent. (Attorney Registration No. 1819663)



DISCIPLINARY PROCEEDING prosecuted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 28, 1982, under the name Kenneth Steven Pelsinger. By decision and order on motion of this Court dated July 31, 2015, inter alia, the Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a verified petition dated April 15, 2015, and the matter was referred to the Honorable Geoffrey O. Connell, as Special Referee, to hear and report. By decision and order on motion of this Court dated January 7, 2016, counsel for the respondent, Scalise Hamilton & Sheridan, LLP, was granted leave to withdraw as counsel due to irreconcilable differences, and the respondent was granted a stay to retain new counsel. By decision and order on motion of this Court dated January 20, 2016, the matter was transferred from the Grievance Committee for the Tenth Judicial District to the Grievance Committee for the Ninth Judicial District. By decision and order on motion of this Court dated June 2, 2017, the respondent's motion, inter alia, to be diverted to a monitoring program was denied, and the parties were directed to proceed expeditiously with the disciplinary proceeding.



Gary L. Casella, White Plains, NY (Matthew Lee-Renert of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated April 15, 2015, containing 13 charges of professional misconduct. By stipulation dated October 7, 2016, the parties amended charges two, three, eight, ten, and eleven of the verified petition. After prehearing conferences held on October 7, 2016, and January 27, 2017, and a hearing held on August 31, 2017, the Special Referee sustained all the charges. The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) now moves to confirm the report of the Special Referee and for the imposition of such discipline upon the respondent as the Court deems just and proper. In response, the respondent has [*2]submitted an affirmation, wherein he does not dispute the contents of the Special Referee's report, but contends that the report does not go far enough in setting forth the mitigating evidence, which allegedly demonstrates that but for the respondent's untreated major depressive disorder and attention deficit disorder, it is unlikely that the misconduct would have occurred at all. The respondent asks that the Court impose a public censure or, in the alternative, hold the Grievance Committee's motion in abeyance, direct that he enter into a contract with the Nassau County Bar Association Lawyers Assistance Program, direct that he continue his current treatment, direct that he be monitored, and, at the conclusion of the contract, permit either party to move for appropriate relief.
Charges One to Three (Default Judgment) 
Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the following facts: In or about July 2008, an action was commenced against the respondent in the United States District Court for the District of Connecticut, entitled DiChiara v Pelsinger , wherein it was alleged that the respondent violated the Fair Debt Collection Practices Act (15 USC § 1692 et seq .) and the Connecticut Unfair Trade Practices Act (Conn Gen Stat § 42-110a). Service of the summons and complaint was duly effectuated on or about August 25, 2008, by serving the original summons and complaint upon the Secretary of State for the State of Connecticut, and mailing a copy of the same via certified mail, return receipt requested, to the respondent's office address.
The respondent neither filed an appearance nor answered the complaint. On or about July 13, 2009, a judgment was entered against the respondent in the sum of $10,185.73.
Following entry of the judgment, Gayle DiChiara, the plaintiff in the action, moved to compel the respondent to respond to postjudgment discovery requests seeking information about the respondent's income and assets in order to enforce the judgment. By order dated November 24, 2009, the respondent was directed to respond to the postjudgment discovery requests. The respondent failed to do so. On or about January 16, 2010, DiChiara moved for an order directing the respondent to show cause why he should not be found in civil contempt. On or about March 2, 2010, the Connecticut court issued an order to show cause directing the respondent to appear at a hearing on March 30, 2010, and to file a written response to DiChiara's motion for sanctions. The order to show cause was duly served on the respondent on or about March 4, 2010. The respondent failed to appear at the hearing on March 30, 2010.
On or about March 31, 2010, the Connecticut court issued an arrest warrant for the respondent. The respondent only called the court's chambers to request to be heard on the matter after he was contacted by a United States Marshal. On or about April 5, 2010, the court stayed execution of the arrest warrant. On or about April 12, 2010, the respondent moved to stay, vacate, and set aside the default judgment, and to vacate the arrest warrant. In his motion papers, the respondent argued that he first became aware of the progress of the action and the judgment on or about April 5, 2010. However, in a reply affidavit filed on or about May 3, 2010, the respondent indicated that he was aware of the action before April 5, 2010. Annexed to the respondent's reply affidavit was a copy of a verified complaint dated August 13, 2009, in a related action the respondent commenced in the Supreme Court, Nassau County. In that verified complaint, the respondent indicated that he was aware of the judgment entered against him in the DiChiara action no later than August 13, 2009. The respondent's statement in his motion papers dated April 12, 2010, that he only became aware of the action and judgment against him on or about April 5, 2010, was knowingly false. The respondent's default in the DiChiara action was willful.
Charge two, as amended, alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge one, except for the allegation that the respondent's statement in his motion papers dated April 12, 2010, that he only became aware of the DiChiara action and judgment against him on or about April 5, 2010, was knowingly false. Charge three, as amended, alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge one, except for the allegation that the respondent's statement in his motion papers dated April 12, 2010, that he only became aware of the DiChiara action and judgment against him on or about April 5, 2010, was knowingly false.
Charges Four to Nine (Misappropriation) 
Charge four alleges that the respondent misappropriated funds entrusted to him as a fiduciary, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the following facts: On or about December 31, 2012, the respondent deposited a $70,000 settlement check, made payable to "Lisa M. Szenher and Kenneth S. Pelsinger as attorney," into his Citibank IOLA account, raising the balance in the account to $70,313.81. Between December 31, 2012, and in or about January 29, 2013, the respondent drafted and negotiated eight checks made payable to himself totaling $21,251.50 from funds then on deposit in his Citibank IOLA account. On January 20, 2013, the respondent drafted a check against his Citibank IOLA account payable to a third party unrelated to Szenher in the amount of $25,000. The $25,000 check was negotiated on February 4, 2013, thus reducing the balance in the Citibank IOLA account to $26,355.56, an amount less than that which the respondent was required to maintain on behalf of Szenher.
Charge five alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge four.
Charge six alleges that the respondent misappropriated funds entrusted to him as a fiduciary, in violation of rule 1.15(a) of the Rules of Professional Conduct (see 22 NYCRR 1200.0), based on the following facts: In or about March 2013, the respondent represented the seller of real property located in Brooklyn. Pursuant to a contract of sale dated March 12, 2013, the respondent was to hold the down payment in his Citibank IOLA account until closing or sooner termination of the contract. On or about March 21, 2013, the respondent deposited a check in the amount of $42,000, made payable to "Kenneth S. Pelsinger PC as attorney," into his Citibank IOLA account, which represented the down payment from Behzad Moradi, the purchaser of the property. The deposit raised the balance in the account to $47,355.56.
Between on or about March 21, 2013, and on or about March 28, 2013, two checks made payable to Lisa A. Szenher were paid against Moradi's $42,000 down payment. On or about April 15, 2013, the respondent made a withdrawal from his Citibank IOLA account in the amount of $2,500. Between in or about April 27, 2013, and in or about May 20, 2013, the respondent drafted and negotiated six checks made payable to himself, totaling $19,100, from the funds then on deposit in his Citibank IOLA account.
On May 21, 2013, the balance in the respondent's Citibank IOLA account had fallen to $3,185.41, an amount less than he was required to maintain in connection with the Moradi real estate transaction.
Charge seven alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge six.
Charge eight, as amended, alleges that the respondent misappropriated funds entrusted to him as a fiduciary, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the following facts: On or about November 1, 2013, the respondent deposited a check into his Capital One Bank IOLA account in the amount of $28,125, made payable to "Kenneth Pelsinger as attorney," which represented a down payment in a real estate transaction where the respondent represented the seller of the property. Between in or about November 1, 2013, and in or about November 22, 2013, the respondent issued four checks made payable to himself, totaling $8,500, from his Capital One Bank IOLA account. On November 29, 2013, the balance in the account fell to $21,766.45, an amount less than the respondent was required to maintain. Closing on the sale of the property for which the respondent was required to hold the down payment occurred on or about December 4, 2013. On December 4, 2013, the balance in the account was only $24,199.54. At closing, the respondent drafted five checks, totaling $41,000, against funds in his Capital One Bank IOLA account. Four of the five checks cleared against other funds on deposit in the account.
Charge nine alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge eight, as amended.
Charges Ten and Eleven (Fraud) 
Charge ten, as amended, alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the following facts: On the date of the closing for the property referred to in charge eight, the respondent knew that: (1) he did not have sufficient funds [*3]to cover payment of the five checks he drew against his Capital One Bank IOLA account; (2) a failure by his client to close the sale of the property on December 4, 2013, would have resulted in his client being subject to a foreclosure action; and (3) if his client's property was foreclosed upon, she would have been subject to a tax liability, as the property was not her primary residence. At closing, the respondent drafted the five checks and gave them to the payees, including check no. 1773 payable to Eagle Abstract Corp. for $17,354, with the belief that it had been arranged that check no. 1773 would not be deposited for payment until the respondent had confirmed that his client had provided additional funds for the respondent to deposit into his Capital One Bank IOLA account.
Charge eleven, as amended, alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge ten, as amended.
Charges Twelve and Thirteen (Failure to Cooperate) 
Charge twelve alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the following facts: By letter dated January 17, 2014, mailed to the respondent's office address then on file with the Office of Court Administration, the respondent was notified that the Grievance Committee for the Tenth Judicial District had commenced a sua sponte investigation into allegations surrounding a dishonored check drawn on his Capital One Bank IOLA account, and requested that the respondent submit a written answer as well as six months of bookkeeping records. The respondent failed to comply. By letter dated May 23, 2014, sent via certified mail, return receipt requested, to a different office address, the respondent was provided with a copy of the January 17, 2014, letter, and was again requested to submit a written answer as well as specified financial records related to the account. The respondent submitted a one-paragraph answer to the complaint, dated June 19, 2014, but failed to provide any of the requested financial records.
By letter dated June 23, 2014, sent via certified mail, return receipt requested, to a different office address, the respondent was provided with copies of the prior letters, and a demand was made that he submit a written answer and the specified financial records. The respondent failed to respond to the June 23, 2014, letter.
Charge thirteen alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge twelve.
Findings and Conclusion 
Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained all the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
The respondent was previously suspended in 1993 for three years by the Appellate Division, First Department, based on a pervasive pattern of commingling of escrow funds and conversion of client funds (see Matter of Pelsinger , 190 AD2d 158). In suspending the respondent, the First Department noted that he failed to cooperate with the investigation from its inception and failed to "offer a credible explanation for his conduct" (id . at 161). He was reinstated by the First Department on February 2, 1999.
Following his reinstatement in 1999, the respondent was the subject of multiple grievance complaints filed between 2006 and 2013, which resulted in the issuance of three Letters of Caution and four Admonitions. The respondent was cautioned on: (1) October 27, 2007, for his delay in addressing a client matter until a grievance was filed, use of an intermediary to communicate with a client, and lack of candor when responding to the Grievance Committee; (2) March 8, 2013, for improper solicitation of retainers from clients referred for pro bono services; and (3) March 8, 2013, for failing to provide a letter of engagement. The respondent was admonished on: (1) December 5, 2013, for neglect of a client matter and failure to refund his legal fee despite agreeing to do so nearly four years earlier; (2) February 26, 2015, inter alia, for failure to render appropriate accountings of funds to a client and failure to promptly pay funds due to a client; (3) February 26, 2015, inter alia, for failure to act with reasonable diligence and neglect of a client matter, failure to adequately communicate with a client, and failure to cooperate with the investigation; and (4) February 26, 2015, for failure to cooperate with the Grievance Committee's investigation of a matter.
In mitigation, the respondent asks that the Court take into consideration the fact that, [*4]but for his untreated major depressive disorder and attention deficit disorder, it is unlikely that the misconduct would have occurred at all. The respondent testified at the hearing that all the misconduct occurred within the span of 2008 through 2014, and that during this period he was impaired due to major depressive disorder and attention deficit disorder. In support of his claim, the respondent introduced into evidence the testimony of Robert Mulligan, a forensic licensed social worker, who opined that the respondent's misconduct was consistent with such disorders, assuming that he suffered from such disorders during the relevant period. The respondent asks that the Court consider as well the following additional mitigating factors: no clients suffered any loss because of his misconduct, he admitted all the charges and accepts responsibility for his failures, and he has presented evidence of good character and dedication to the principles of the profession.
On the issue of the respondent's claimed impairment, we find that the respondent failed to meet his burden in establishing a causal connection between his disorders and the misconduct at issue. The only evidence introduced at the hearing to support the respondent's contention consisted of the expert testimony of Mulligan, who met with the respondent, at the urging of the respondent's counsel in preparation for the hearing, for six sessions during a five-week period immediately preceding the hearing. In reaching his opinion, Mulligan relied primarily on the respondent's self-reported history. Notably absent was the expert testimony of any of the respondent's treating physicians, one of whom had treated the respondent for more than two decades, a fact duly noted by the Special Referee in his report.
The respondent's extensive disciplinary history, including a three-year suspension for similar misconduct, is a significant aggravating factor. Moreover, while the respondent indicated that he accepted responsibility, his expressions of remorse were perfunctory and less than genuine. When asked at the hearing for an explanation for the numerous checks he drew against his escrow account, made payable to himself, the respondent repeatedly could provide no explanation. The respondent engaged in conduct that was intentional and deceptive. Having willfully allowed a default judgment to be entered in the DiChiara action, the respondent moved to vacate the default judgment by submitting knowingly false statements to the District Court. In another instance, the respondent engaged in a conscious effort to ensure that a closing took place by a certain date. Knowing that he lacked sufficient funds to cover certain checks, the respondent instructed the payees not to cash the checks until sufficient funds were obtained. He once again engaged in a persistent pattern of escrow account violations. Rather than the result of inattention, as the respondent claims, the aforementioned conduct was knowing and purposeful. Notwithstanding the mitigating evidence presented, we conclude that under the totality of the circumstances, a disbarment is warranted. We further conclude that the respondent has not demonstrated that he should be diverted to a monitoring program at this stage of the proceeding.
SCHEINKMAN, P.J., MASTRO, BALKIN, LEVENTHAL and ROMAN, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent's application to be diverted to a monitoring program is denied; and it is further,
ORDERED that the respondent, Kenneth S. Pelsinger, admitted as Kenneth Steven Pelsinger, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Kenneth S. Pelsinger, admitted as Kenneth Steven Pelsinger, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Kenneth S. Pelsinger, admitted as Kenneth Steven Pelsinger, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any [*5]advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kenneth S. Pelsinger, admitted as Kenneth Steven Pelsinger, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court