Matter of Pierre (2019 NY Slip Op 01338)





Matter of Pierre


2019 NY Slip Op 01338


Decided on February 21, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. John W. Sweeny, Jr., Justice Presiding,
Angela M. Mazzarelli
Troy K. Webber
Marcy L. Kahn
Cynthia S. Kern,Justices.


M-2554 M-5332

[*1]In the Matter of W. Marilynn Pierre, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, W. Marilynn Pierre, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on October 24, 2001.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Yvette A. Rosario, of counsel), for petitioner.
Tamara M. Harris, Esq., for respondent.
M-2554,


PER CURIAM.


Respondent W. Marilynn Pierre was admitted to the practice of law in the State of New York by the Second Judicial Department on October 24, 2001. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
By order entered August 8, 2017, this Court immediately suspended respondent from the practice of law until such time as disciplinary matters pending before the Committee were concluded, and until further order of this Court (see 153 AD3d 306 [1st Dept 2017]). The suspension was predicated on substantial admissions by respondent under oath, and uncontested evidence of professional misconduct, which immediately threatened the public interest. The Committee had asserted that, during her deposition before the Committee, respondent admitted to commingling client funds with her own, using her escrow account as an operating account, and evading tax liens, and that the uncontroverted evidence reflected that respondent had converted and/or misappropriated guardianship funds and failed to satisfy a judgment entered against her in favor of a former client. This Court denied respondent's cross motion for a stay of the Committee's investigation and of this proceeding, and for an order directing her to complete an appropriate treatment and monitoring program approved by this Court in lieu of suspension. Respondent had argued that the alleged misconduct occurred during a time when she was homeless and suffered from bulimia, depression, and attention deficit disorder (ADD), all of which affected her ability to practice law.
Now, by joint motion for discipline by consent, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5), the Attorney Grievance Committee and respondent request that this Court impose discipline based upon the stipulated facts and consent of the parties and that respondent be suspended from the practice of law, in the State of New York, for a period of five years and until further order of this Court.
The parties have filed an admission of facts which recounts how, between January 2008 and November 2014, respondent maintained certain guardian trust accounts belonging to various wards of hers, that for each account she made overpayments and disbursements the propriety of which was called into question and which respondent could not explain; how she used her escrow account as her personal/operating account to pay for personal and business related expenses; how she erroneously believed that she was allowed to pay expenses out of her escrow account because it was related to work; how she acknowledged she was at fault for not complying with Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15, requiring client funds and her own earned legal fees to be held in separate accounts without commingling; and how, during her May 2016 deposition, she realized that treating her escrow account as a personal/operating account was not appropriate, resulting in her opening a checking account.
The stipulation further recounted that escrow bank records from June 2013 to June 2016 show that respondent deposited earned legal fees into her escrow account and would then withdraw cash on different days in different amounts; that she made checks out to different payees to pay for personal and business expenses including laundry, office space, an assistant, court filing fees, a diet program and her cell phone; that she deposited funds into her escrow account, rather than her checking account, because she was afraid that tax authorities would seize the funds; and that she currently owes $71,553.05 in federal and state tax liens. Finally, the stipulation stated that, beginning in July 2007 through 2015, when respondent filed biennial registrations with the Office of Court Administration, she falsely swore that she was in compliance with Part 1200 (rule 1.15) of the Joint Rules of the Appellate Divisions "which requires an attorney to preserve the identity of funds and property entrusted to him or her and to maintain certain records relative thereto."
As required, respondent conditionally admits the foregoing facts, and that those facts establish that she violated rules 1.15(a), 1.15(b), 1.15(e), and 8.4(c). The parties did not address any aggravating factors, but did stipulate to the following mitigating factors: that respondent has fully cooperated with the Committee, is currently working as a social worker, and is making, or is attempting in good faith to make, monthly restitution payments to her former wards and [*2]clients; that her misconduct occurred while she was suffering from bulimia, depression and ADD, which affected her ability to practice law effectively, as she was careless, unorganized and used money to buy food or to pay for various hostels after being evicted from her apartment; that she is currently working with the Lawyer's Assistance Program (LAP) by which she has voluntarily entered into a one year (August 2018-August 2019) mental health monitoring agreement for ADD and a food disorder, and she has submitted a letter from LAP stating that respondent had already successfully completed a year-long voluntary monitoring program; that letters submitted on respondent's behalf by a psychotherapist/life coach, a nutritionist, a United States Magistrate Judge for the Eastern District of New York and a former guardianship referee in Queens County who supervised respondent collectively establish that she has shown significant improvement in her ADD symptoms, is diligently pursuing counseling for her various issues, and is a caring person of good character and high integrity. Finally, respondent has unequivocally expressed her extreme remorse, and apologized to the Court, the bar and to her clients for her acknowledged misconduct.
Since liability has been established via respondent's conditional admissions, the only issue before this Court is the sanction to be imposed. The parties contend that a five-year suspension should be imposed for the subject violations. Indeed, such a sanction is supported by case law cited by the parties (see e.g. Matter of Hazelhurst, 144 AD3d 31 [1st Dept 2016]; Matter of Molinini-Rivera, 24 AD3d 36 [1st Dept 2005] Matter of Albanese, 274 AD2d 284 [1st Dept 2000]).
In light of this precedent, we see no reason to disturb the five-year suspension to which sanction respondent, who is represented by competent counsel, has consented.
Accordingly, the parties' joint motion for discipline by consent should be granted, and respondent should be suspended from the practice of law in the State of New York for a period of five years, retroactive to August 8, 2017, and until further order of this Court.
All concur.
Order filed. [February 21, 2019]
The parties' joint motion for discipline by consent is granted, and respondent suspended from the practice of law in the State of New York for a period of five years, nunc pro tunc to August 8, 2017 (M-5332), and until further order of this Court. The Committee's petition of charges is denied as moot (M-2554).